Hon. Dolores E. Cross President Higher Education Services Corporation
Your counsel has asked whether the quorum requirement for the board of trustees of the Higher Education Services Corporation is established by section 41 of the General Construction Law.
The New York State Higher Education Services Corporation has been created as an educational corporation in the State Education Department and within the University of the State of New York (Education Law, §652[1]). Its purposes are to improve post-secondary educational opportunities of eligible students through the centralized administration of New York State financial aid and loan programs and to coordinate the State's administrative effort in student financial aid and loan programs with those of other levels of government (id., § 652[2]). The Corporation is governed by a board of trustees consisting of 13 members (id., § 652[3]). "A majority of the trustees shall constitute a quorum for the transaction of any business and the act of the majority of the trustees present at any meeting shall be deemed the act of the board" (id., § 652[7]). The question raised by your counsel is whether a majority of the trustees in office or a majority of the trustees authorized by law must be present to constitute a quorum.
Under section 41 of the General Construction Law, whenever three or more public officers are given any power or authority to be exercised jointly or as a board or similar body, a majority of the whole number of such officers constitutes a quorum and not less than a majority of the whole number may perform and exercise such power or authority. "Whole number" means the total number which the board, commission or body would have were there no vacancies and were none of the officers to be disqualified from acting.*
The trustees of the Corporation perform a public purpose and exercise sovereign powers of government. Thus, it seems clear that they are public officers within the meaning of section 41 of the General Construction Law. See, for example, Formal Opinion No. 84-F19 where we decided that the Soil and Water Conservation Committee, an agency of the State in the New York State Department of Agriculture and Markets, is subject to the provisions of section 41.
The General Construction Law applies to "every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given" by this law (General Construction Law, §110). In providing that "[a] majority of the trustees shall constitute a quorum for the transaction of any business", in our view section 652(7) of the Education Law does not establish a different quorum rule because its language does not specify whether the quorum required is a majority of the trustees in office or a majority of the trustees authorized by law. Under these circumstances, it is our view that section 41
of the General Construction Law applies (see Savatgy v City of Kingston,20 N.Y.2d 258 [1967]; compare Morris v Cashmore, 253 App. Div. 657
[1938], affd 278 N.Y. 730 [1938]).
We conclude that a majority of the number of trustees authorized by law constitutes a quorum of the board of trustees of the Higher Education Services Corporation.
* Prior to the enactment of section 41 there were conflicting common law rules defining quorum and voting requirements (Matter of Smithtown vHowell, 31 N.Y.2d 365, 376-377 [1972]). Under one rule a majority of a body constituted a quorum and a majority of those present was sufficient for valid action (ibid.). The second common law rule, however, provided that where a statute conferred power to act on several persons, all were required to be present before the power could be exercised (ibid.). Section 41 of the General Construction Law was designed to abrogate the common law rule requiring the presence of the whole body(ibid.).